Bartlett *v.* Fellows.

---

MORRILL BARTLETT, *in Equity, versus* JOSHUA FELLOWS.

Where there is a conflict of testimony as to how much has been paid on a mortgage note, and whether sufficient to redeem the mortgaged premises, unless the parties submit it to a jury, the Court will not determine it, but refer it to a master in chancery.

BILL IN EQUITY, for the redemption of mortgaged premises.

In June, 1856, the plaintiff conveyed to the defendant in mortgage the premises described, to secure two notes of $250, each, payable in one and two years. The first note was paid at or about maturity, and surrendered. Certain payments were made from time to time on the second note; and the bill alleges that by these payments it was fully paid, and prays for a discharge.

The answer admits all the payments alleged in the bill, except one of $30, said to have been paid Aug. 1, 1857; denies that any such payment was made, and claims that the sum due on the mortgage and second note, at the date of the answer, Dec. 31, 1858, was $30,60.

The testimony with regard to the disputed payment of $30, was voluminous and conflicting, and tended to impeach the reputation of witnesses on both sides, as to their veracity. In the view taken by the Court, it is not important to report the evidence.

*A. W. Paine,* for the plaintiff.

*Godfrey & Shaw,* for the defendant.

The opinion of the Court was drawn up by

MAY, J.— The right of the mortgager to redeem the premises described in his bill is not denied. The only question discussed in the long and able arguments of counsel, is, whether the notes secured by the mortgage have been fully paid. Such payment is charged in the bill, and the respondent in his answer admits all the specific payments alleged to have been made, except that of $30, under date of August 1st, 1857. This he denies. If this payment was made as alleged, then nothing is due upon the mortgage, and the mortgager is entitled to a release of all the mortgagee's right and title in the premises with costs. On the other hand, if such payment has not been made, then the mortgager will be entitled to redeem only upon the payment of the balance found due, together with the respondent's costs, who, in such event, will appear to have been without fault. *Bourne* v. *Littlefield*, 29 Maine, 302.

Whether any thing is due upon the mortgage, and, if any thing, how much, are questions which, in cases like the present, where there is a conflict of testimony, and an attempt to impeach the witnesses upon the one side and the other, can be much more appropriately determined by a master, or, if the parties so agree, by a jury, than by the Court when sitting in bank, where its members must necessarily be deprived of the appearance of the witnesses upon the stand, which often furnishes a test to a master, or a jury, by which they are enabled to ascertain the truth. *Jewett, in Eq.,* v. *Guild,* 42 Maine, 246. There being, in this case, no agreement of the parties to submit the matter to a jury under the direction of the Court, the cause must be referred to a master to determine what sum, if any, is due to the respondent upon the mortgage set forth in the complainant's bill.

TENNEY, C. J., and APPLETON, CUTTING, DAVIS and KENT, JJ., concurred.